IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JACOB JAMES LESTER,<br><br>Plaintiff,<br><br>vs.<br><br>CHIEF MARK JOHNSON, CAPTAIN RAY VAUGHN, and BUTTE-SILVER BOW CITY AND COUNTY,<br><br>Defendants. | CV 24–48–BU–DWM<br><br><br>OPINION<br>and ORDER |

In June 2024, Plaintiff Jacob James Lester, a state inmate proceeding without counsel, filed a civil rights complaint under 42 U.S.C. § 1983, alleging his constitutional rights were violated when he was not provided with toothpaste at the Butte-Silver Bow Detention Center. (Doc. 2.) Defendants Butte-Silver Bow City and County[1], Chief Mark Johnson, and Captain Ray Vaughn were ordered to answer, (*see* Doc. 7), and now seek to dismiss Lester's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. 12). With limited exception, that motion is denied, and Lester will be given the

---

[1] As indicated by Defendants, Lester's original complaint named the detention facility itself. The county/municipality is the proper party.

1

opportunity to amend his claims against Johnson and Vaughn.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). While pro se complaints are construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), "a liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint," *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). While courts should generally permit pro se litigants an opportunity to amend their complaint to state a plausible claim, *see United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.") (internal

2

quotation marks omitted), "[c]ourts are not required to grant leave to amend if a complaint lacks merit entirely," *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The facts are taken from Lester's Complaint, (*see* Doc. 2), and are assumed to be true and construed in the light most favorable to him, *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir. 2021).

## ANALYSIS

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted).

Defendants argue that: (1) Lester's Eighth Amendment claim fails as a matter of law because he was a pretrial detainee, not a convicted prisoner; (2) he fails to identify specific actions taken by either Johnson or Vaughn; (3) he does not allege a policy, practice, or custom as the moving force behind any of the claimed constitutional violations; (4) his requested relief of having the charges against him dismissed and having his bail reduced is not available; and (5) his claims fail under

the Fourteenth Amendment as well. Although Defendants' motion has some merit, at least a portion of Lester's claim survives and he will be given the opportunity to amend.

I.  **Eighth Amendment**

Defendants first argue that Lester's claims regarding a lack of toothpaste cannot proceed under the Eighth Amendment because he was a pretrial detainee at the time of the alleged deprivation, not a convicted prisoner. Indeed, the conditions of confinement in the pretrial detainee context are evaluated under the Fourteenth Amendment Due Process Clause, not the Eighth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018); *see Norbert v. City & Cnty. of S.F.*, 10 F.4th 918, 928 (9th Cir. 2021). But Defendants' argument is unpersuasive for two reasons. First, Lester's status is not entirely clear from the pleadings. According to Lester, he is both a pretrial detainee and was revoked on an existing Department of Corrections sentence. (*See* Doc. 2 at 4.) Thus, he may be subject to protections under both the Eighth and Fourteenth Amendments. (*See also* Doc. 19 (Lester's "motion" indicating he intended to also plead under the Fourteenth Amendment).) Second, it would elevate form over substance to dismiss a pro se prisoner's complaint for merely citing the incorrect constitutional provision. As recognized by Defendants in their briefing, the gravamen of Lester's complaint—Defendants' failure to provide constitutionally adequate conditions of

4

confinement through the provision of toothpaste to inmates—is sufficiently pled. *See* Fed. R. Civ. P. 8(a)(2) (requiring a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Thus, while Lester may ultimately not be able to proceed under the Eighth Amendment, his claim survives this challenge.

## II. Individual Defendants

Defendants further argue that Lester has failed to identify the specific, individualized actions of either Johnson or Vaughn. That argument is persuasive. To state a claim, Lester must specifically identify which individual actors were involved in the deprivation of his rights and the specific actions that were taken. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." (Internal quotation marks and alteration omitted)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.* The plaintiff must prove personal participation in the alleged deprivation of rights as "there is no respondeat superior liability under section 1983." *Bell v. Clackamas Cnty.*, 341 F.3d 858, 867 n.3 (9th Cir. 2003).

5

Here, Lester alleges that he "let staff know that [he] had been without toothpaste for 6 weeks and that they were violating [his] rights" and that "they" told him that it had been ordered. (Doc. 2 at 7.) He also indicates that he unsuccessfully exhausted the grievance process. (*Id.*) He does not, however, state what specific actions, if any, were taken by either Johnson or Vaughn. He therefore fails to state a claim against either individual defendant in either their individual or official capacities. He will, however, be given leave to amend as explained below.

### III. Policy, Practice, or Custom

Defendants further argue that Lester cannot proceed in his claims against the County and City because a finding of municipal liability requires one of the following: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978). Lester has alleged that the entire facility was denied toothpaste for an extended period of time, starting in April 2024 and lasting through at least the filing of this lawsuit in June 2024. (*See* Doc. 2 at 4–5.) While discovery may reveal that the sheriff was not aware of the toothpaste shortage or that the facility had no policies governing hygiene products or supply, Reich has alleged a sufficiently pervasive practice so as to survive the

6

pleading stage. Accordingly, Reich has adequately pled claims against the municipal defendant.

### III. Relief Requested

In his Complaint, Lester seeks $1,500 per day for each day he went without adequate hygiene products, $10,000 for future dental costs, and $50,000 in pain and suffering. (Doc. 2 at 5.) These damages may be pursued in this action. He also requests, however, that his bail be reduced and that the charges against him be dismissed. (*Id.*) He subsequently filed a notice indicating that he realized he could not pursue either decreased bail or dismissed charges. (*See* Doc. 14.) Thus, these requests for relief are dismissed with prejudice.

### IV. Fourteenth Amendment Claim

Finally, in the context of whether Lester should be permitted to amend, Defendants address the fundamental premise of Lester's claim: has he adequately pled that his due process rights were violated through Butte-Silver Bow's failure to provide him with toothpaste over a sustained period? The answer is yes. The Due Process Clause[2] requires that pretrial detainees be provided with adequate food, clothing, shelter, sanitation, and medical care. *See Shorter v. Baca*, 895 F.3d 1176,

---

[2] Because Defendants' motion is premised on their belief Lester is a pretrial detainee, his is considered as such for the purposes of this Order. However, as discussed above, it is not clear at this stage of the proceedings that he does not also qualify as a convicted prisoner.

7

1185 (9th Cir. 2018) (addressing outdoor exercise). To prove a due process violation based on the conditions of confinement, a plaintiff mush show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. The deprivation of basic hygiene items, such as toothpaste, can be considered a constitutional violation if it results in significant harm or poses a substantial risk of serious harm. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("Dental care is one of the most important medical needs of inmates."). The failure to provide such care may result in serious dental problems such as cavities and/or tooth decay. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serous medical condition because of pain and the risk of infection."); *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) ("[B]ecause a tooth cavity will degenerate with increasingly serious implications if neglected over a sufficient time, it presents a 'serious medical need' within the meaning of our case law.").

Here, Lester claims that Butte-Silver Bow failed to provide him with any toothpaste for months despite repeated requests. (*See* Doc. 2 at 4–5.) And that, as result, he has experienced "tooth decay, tooth pain, [and] loss of previous dental

8

work done in recent years." (*Id.* at 5.) To the extent Defendants argue that he was provided an alternative such as baking soda,³ *see Lipsey v. Medina*, 2019 WL 6894389, at *3 (E.D. Cal. Dec. 18, 2019), or that "the greatest benefit of toothbrushing comes from the brush not the toothpaste," *Roshone v. Peters*, 2014 WL 4547031, at *4 (D. Or. Sept. 12, 2014) (internal quotation marks omitted), those arguments rely on facts beyond those contained in Lester's pleading. While Defendants are correct that Lester states he was told that toothpaste was "on order," potentially undermining a showing an intentional deprivation, (*see* Doc. 2 at 7), the mental state at issue is "more than negligence *but less than subjective intent*—something akin to reckless disregard." *See Gordon*, 888 F.3d at 1125 (emphasis added). Read as a whole, Lester's Complaint alleges that Butte-Silver Bow knew that inmates did not have toothpaste for an extended period of time and took no steps to remedy the issue. While Defendants characterize the problem as a "temporary toothpaste outage," (Doc. 13 at 20), the pleadings and the briefing indicate an extended deprivation that Butte-Silver Bow did not remedy. Because Lester has claimed that the deprivation of toothpaste was intentional, posed a substantial risk of serious harm, and the responsible officials failed to take measures to abate the risk, he has adequately pled a Fourteenth Amendment claim

---

³ While it is beyond the scope of the pleadings, the record indicates that it is not just that the facility failed to provide free toothpaste, but that inmates could not even buy toothpaste if they wanted. (*See* Doc. 8-1 (commissary list for 8/14/24).)

9

against Butte-Silver Bow.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.	Defendants' motion to dismiss (Doc. 17) is GRANTED in PART and DENIED in PART. The motion is GRANTED as to Lester's requested relief of lowered bail and dismissal of the charges against him. It is also GRANTED as to Lester's claims against Johnson and Vaughn as individual defendants. However, Lester is permitted to amend his claim against Johnson and Vaughn **as it relates to the denial of toothpaste**. Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Any amended complaint must consist of **short, plain statements** telling the Court: (1) the rights Lester believes were violated by Johnson, Vaughn, and Butte-Silver Bow; (2) exactly what **each** defendant did or failed to do; (3) how the action or inaction of that defendant is connected to the violation of Lester's rights; (4) when the alleged actions took place; and (5) what injury Lester suffered because of that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Defendants' motion to dismiss is DENIED in all other respects.

2.	Within twenty-one days of this Order, Lester may file an amended complaint consistent with the above. The Clerk of Court is directed to provide

10

Lester with an Amended Complaint form. The Amended Complaint must contain all of Lester's claims in one document and not refer to or incorporate other documents. If Lester fails to file a timely amended complaint, his case will proceed against Butte-Silver Bow City and County alone.

3. At all times during the pendency of this action, Lester must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

DATED this 10th day of January, 2025.

Donald W. Molloy, District Judge
United States District Court